IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>GREG JOFRE STRADLING, and FAY LUISE STRADLING and/or DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br><br><br>Case No. 2:10-CV-291 TS |

    Before the Court is Plaintiff's Motion to Remand to the Fifth Judicial District of Washington County, Utah.[1] This action was removed by Defendants Greg Jofre Stradling and Fay Luise Stradling ("Defendants") on April 5, 2010.[2] In Defendants' Notice of Removal, Defendants claim that removal is proper under this Court's 28 U.S.C. § 1332 diversity jurisdiction.

---

[1] Docket No. 3.

[2] Docket No. 1.

1

"After a case has been removed, 28 U.S.C. § 1447(c) requires that the case be remanded if it appears that the district court lacks subject matter jurisdiction."[3] Under this Court's diversity jurisdiction, jurisdiction is proper only when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[4]

While the parties are of diverse citizenship, the amount in controversy claimed by Plaintiff in its Complaint falls well short of the $75,000 jurisdictional requirement. Therefore, jurisdiction is improper and the Court will grant Plaintiff's motion to remand this action to the Fifth Judicial District of Utah.

Plaintiff further seeks an award of its attorney's fees and costs in bringing this Motion.[5] The Tenth Circuit has explained that this Court has "wide discretion" in deciding wether the entry of fees and costs is appropriate.[6] As Defendants are proceeding pro se, the Court finds such a request inappropriate and will deny the request.

I. CONCLUSION

It is therefore,

ORDERED that Plaintiff's Motion to Remand (Docket No. 3) is GRANTED. Plaintiff's request for entry of attorney's fees and costs is DENIED. The hearing set for this matter on January 4, 2011 is hereby STRICKEN.

---

[3]*Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 323 (10th Cir. 1994).

[4]28 U.S.C. § 1332(a)

[5]*See* 28 U.S.C. § 1441(a) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal.").

[6]*Daleske*, 17 F.3d at 325.

The Clerk of the Court is directed to remand this matter to the Fifth Judicial District of Utah and close this case forthwith.

DATED   December 20, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge